IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LASSINE B. NIAMBELE          :    CIVIL ACTION
                             :
         v.                  :
                             :
SEPTA                        :    NO. 11-3651

**MEMORANDUM**

PRATTER, J.                                    JULY 31, 2012

    Plaintiff Lassine B. Niambele brings this action pursuant to Title VII, the Pennsylvania Human Relations Act (PHRA), and 42 U.S.C. §§ 1981 & 1983 against SEPTA, his former employer. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Niambele leave to proceed *in forma pauperis* and dismiss his complaint without prejudice to his filing an amended complaint.

**I.   FACTS**

    According to the boxes that Mr. Niambele checked on the form complaint that he filed in this case, he is claiming that SEPTA discriminated against him and terminated him based on his race, color, and national origin in violation of Title VII and the PHRA. In a letter attached to and incorporated into the complaint, Mr. Niambele indicates that he also seeks to bring claims pursuant to 42 U.S.C. §§ 1981 & 1983. In that letter, he states that he "believe[s] SEPTA illegally discharged [him] because of [his] national origin (Malian) and because [he is] black with a distinct accent." He also describes what he believes to be inadequacies in the proceedings before the Equal

1

Employment Opportunity Commission (EEOC).[1]  Mr. Niambele seeks an order directing SEPTA to rehire him as well as other relief.

## II. STANDARD OF REVIEW

The Court grants Mr. Niambele leave to proceed <u>in forma pauperis</u> because he has satisfied the criteria set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), <u>see</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotations omitted).  Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."  <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted); <u>see also</u> <u>Renfro v. Unisys Corp.</u>, 671 F.3d 314, 320 (3d Cir. 2011) ("[C]ourts evaluating the viability of a complaint . . . must look beyond conclusory

---

[1] Mr. Niambele received a right to sue letter from the EEOC on April 15, 2011.  He filed this lawsuit on June 6, 2011.

statements . . . ."). Thus, although the Court must construe Mr. Niambele's allegations liberally because he is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

The Court will dismiss the complaint without prejudice to Mr. Niambele filing an amended complaint because the complaint fails to state a claim in its current state. Although Mr. Niambele indicates that "[t]here are a lot of facts" underlying his claims, he has not pled any of those facts in his complaint. Instead, all of his claims rest on the conclusory allegation that he was terminated from his employment because he is black and of Malian origin. That lone allegation is insufficient to state a claim. See Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012) (affirming dismissal of employment discrimination case when many of plaintiff's allegations were conclusory).

Although the complaint does not state a claim as currently pled, the Court will give Mr. Niambele leave to file an amended complaint so that he may cure the above deficiencies. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). In his amended complaint, Mr. Niambele should include all of the facts that he believes support his employment discrimination claims, particularly those which would suggest that SEPTA acted with discriminatory animus. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) ("[A prima facie case of

3

discrimination] requires a showing that: (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position."); Goodman v. Lukens Steel Co., 777 F.2d 113, 120 (3d Cir. 1985) ("A plaintiff may press an allegation of intentional racial discrimination under [§§ 1981 and 1983] when state action is present.").

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice to Mr. Niambele filing an amended complaint. As the Court has concluded that there is currently no merit to Mr. Niambele's claims, his motions for appointment of counsel are denied without prejudice to his renewing his request for counsel at a later time. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim"). An appropriate order follows.